**The Law Offices of Gail I. Auster & Associates, P.C.**
**Attorneys for Plaintiff**
**910 West End Avenue, Suite 1A**
**New York, New York 10025**
**(914) 707-4000**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————X

**MACKY DIOP,**
                              **Plaintiff,**                              **COMPLAINT**
                                                                          **and JURY DEMAND**

          **-against-**
                                                                          **Index No. 06CV2556 (JGK)(KNF)**

**INTERNATIONAL FUND SERVICES**
**and STATE STREET CORPORATION,**
                              **Defendants.**
————————————————————X

Macky Diop, by his attorneys, Gail I. Auster & Associates, P.C., complaining of defendants International Fund Services and State Street Corporation alleges:

**PRELIMINARY STATEMENT**

1.   This action is brought to remedy discrimination and retaliation in the terms, conditions and privileges of plaintiff's employment on the basis of race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

2.   This is also an action arising under 42 U.S.C. § 1981 et seq. ("1981") to remedy race discrimination and retaliation in the performance and modification of the employment contract between plaintiff and defendants, and in the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between plaintiff and defendants.

3.    This is also an action arising under The Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C.  201 et. seq.

4.    This is also an action arising under Labor Laws of the State of New York.

5.    Defendants' actions were unlawful and plaintiff brings this action for injunctive and declaratory relief, monetary damages, compensatory and punitive damages, statutory liquidated damages, attorneys' fees and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over the first and second claims pursuant to 42 U.S.C. § 2000e-5, 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has subject matter jurisdiction over the third claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  This Court has subject matter jurisdiction over the fourth and fifth claims pursuant to §216 of the FLSA, 29 U.S.C.  216 and pursuant to 28 U.S.C.  1331. This Court has pendant jurisdiction over plaintiff's Human Rights Law claims, his Administrative Code claims and his New York Labor Law claims arising under New York statutory law pursuant to 28 U.S.C. §1331, because they have a common nucleus of operative facts with the federal claims.

7.    The Equal Employment Opportunity Commission ("EEOC") issued notice to plaintiff informing him of his right to sue the defendant in federal court by notice dated March 2, 2006.  This action has been commenced within 90 days of receipt of that notice.

8.   Plaintiff has served a copy of this complaint on the Corporation Counsel's office.  Plaintiff has complied fully with all prerequisites to the filing of his Title VII and

Administrative Code claims.

9.  Venue is proper in this district because the employment practices complained of occurred in the Southern District of New York.

## PARTIES

10.  Plaintiff Macky Diop ("plaintiff") has been employed by defendant since May 2004. Plaintiff resides at 289 Convent Avenue, Apt. 57, New York, NY 10031, which is located in New York County.

11.  Defendant International Fund Services ("IFS")  is an "employer" of more than 400 employees,  with its main office at 1290 Avenue of the Americas, New York, NY 10104.  Upon information and belief, it is a wholly owned subsidiary of the State Street Corporation.

12.  Defendant State Street Corporation ("State Street") is an "employer" of more than 500 employees, with its main office at 1 Lincoln Street, Boston, MA 02111.  Upon information and belief, it is the parent company of IFS and controls the labor relations of IFS.

13.  Defendants IFS and State Street are collectively referred to herein as "the defendants".

## STATEMENT OF FACTS

14.   Plaintiff is a Black male.

15.   Plaintiff was born in Mali, which is located in Africa, and immigrated to the United States in 1998 at age fifteen.

16.  Plaintiff graduated from St. Lawrence University in May, 2004, having attended with a full four year scholarship based upon merit and need.

17.  Plaintiff  completed his college studies in three years and is currently enrolled in a masters program at the City College of New York.

18.  In or about May, 2004, plaintiff commenced employment with defendant IFS in the position of "intern" in the defendant's Corporate Accounting Department.

19.  Plaintiff's duties and responsibilities in the Corporate Accounting Department, which were clerical in nature, included but were not limited to keying accounts payable data into Platinum, a computer software program; filing purchase orders; and retrieving files. He also performed customer service tasks.  This was a white collar position.

20.  In the position of an "intern" performing clerical duties in the IFS Accounting Department, plaintiff was an hourly wage earner.

21.  Plaintiff was classified by IFS as a part time employee, but he generally worked a forty hour work week or worked in excess of a forty hour work week until about late October or early November, 2005.

22.  During the period that plaintiff worked in the Corporate Accounting Department, he was never paid overtime at the rate of time and a half for time worked in excess of forty hours in a single work week, nor was he provided with benefits, such as health insurance, holiday pay and vacation pay, which were provided to the Company's employees pursuant to Company policy.

23.  In or about August, 2005, there was a change in management at IFS.  The Chief Financial Officer, who was in charge of the Corporate Accounting Department, left the Company along with plaintiff's immediate supervisor.

24.     On or about the week of August 18, 2005, IFS hired a new "intern" to work in the Corporate Accounting Department.

25.     Plaintiff assisted in training the new "intern", who was and is a young female college sophomore and is not African American or black. Upon information and belief, this individual was born in the U.S.

26.     Approximately one week later, on or about August 25, 2005, plaintiff was involuntarily demoted and transferred to the Facilities Department.

27.     Upon information and belief, plaintiff was replaced in the Corporate Accounting Department by the new "intern", notwithstanding the fact that plaintiff has more education and experience that this "intern".

28.     At all times relevant herein, defendants have never given plaintiff a reason for his demotion and transfer in response to his inquiries, other than to tell him that the Facilities Department was "understaffed".

29.  Plaintiff was one of the very few black employees who were working in the Corporate Accounting Department, and the only employee in the department who was born in Mali, or in an African country.

30.     The Facilities Department was segregated and was comprised exclusively of black employees and one Hispanic employee prior to plaintiff's demotion and transfer.

31.      Plaintiff was, and continues to be, the only college graduate in the Facilities Department.

32.     Plaintiff  is also the only "intern" in the Facilities Department.

33.     Upon plaintiff's demotion and transfer to the Facilities Department, his job functions were changed from clerical duties and responsibilities to the following duties:

a.  sweeping bathroom floors;

b. cleaning bathroom sinks;

c. restocking toilet paper and paper towels in the bathrooms;

d. cleaning the three IFS kitchens;

e. emptying garbage;

f. restocking 80 or more cases of soda every few weeks;

g. delivering boxes of paper to the various printers and fax machines at IFS with a hand truck;

h. regularly assembling and stacking almost one hundred cartons of files for storage;

i. delivering mail to various departments;

j. bringing the Company's mail to the post office at Rockefeller Center;

k. running whatever errands are assigned to him, including but not limited to getting breakfast or lunch foods for Thomas Grizzetti, the Acting CEO, and his business associates.

34.     By letter to IFS dated October 18, 2005, plaintiff protested his demotion and transfer to the Facilities Department in writing to IFS, protested IFS' failure to pay him overtime and/or benefits when he worked in the Corporate Accounting Department and protested IFS' failure to pay him overtime and/or benefits in the Facilities Department.

35. Shortly after his written letter of complaint, IFS cut plaintiff's hours of work.

36. As result of the cut in plaintiff's hours of work, IFS has reduced plaintiff's wages as he is an hourly wage earner, and has further deprived him of the opportunity for overtime pay.

37.  Also shortly after his written letter of complaint, IFS adversely changed plaintiff's work schedule twice with regard to the starting and ending time of his work day.

38.  Also shortly after his written letter of complaint, IFS singled out plaintiff and took away his internet access on his work computer, claiming there was a virus.

39.  By letter dated November 8, 2005, plaintiff reported the above referenced unlawful acts of defendant IFS to defendant State Street Corporation, the parent corporation of IFS.

40.  Upon information and belief, defendant State Street controls the labor relations of IFS and has the authority to supersede and correct employment actions taken by IFS.

41.  State Street failed and refused to take remedial action through the present date.

42.  Accordingly, neither defendant IFS nor defendant State Street have remediated the discrimination and/or retaliation.

43.  Upon information and belief, on or about January 1, 2006 IFS instituted a Company wide wage increase for its employees.

44.  In contrast to the other employees of IFS, plaintiff was not given a wage increase.

45.  After plaintiff filed a charge with the EEOC alleging unlawful discrimination including but not limited to his demotion and transfer, on or about February 23, 2006, IFS served plaintiff with a letter offering him a full time position with a wage increase and benefits, on the condition that he sign the letter accepting and agreeing to work full time

in the Facilities Department.

46. In a letter dated February 27, 2006, plaintiff advised IFS that he would not sign a letter voluntarily accepting and condoning his demotion and transfer to the segregated Facilities Department, and protested the fact that he had been treated disparately and denied a raise which he deserved since effective January 1, 2006.

47. Only after plaintiff served IFS with this letter dated February 27, 2006, and thereafter received a Right to Sue letter from the EEOC, did defendant reluctantly grant plaintiff a wage raise.

48. At all times relevant through this date, IFS has failed to provide plaintiff with benefits including health insurance, holiday pay and vacation pay to which he was entitled.

49. At all times relevant, plaintiff has not been paid the overtime pay due to him to which he is entitled.

50. Through this date, plaintiff continues to clean bathrooms, clean kitchens, empty garbage, deliver boxes of paper and mail, perform messenger tasks and run menial errands as assigned to him in the course of his employment in the segregated Facilities Department of IFS.

## **FIRST CLAIM**
### **(Title VII –Discrimination)**

51. Paragraphs 1 through 50 are re-alleged and incorporated by reference as if fully set forth herein.

52. Defendant IFS discriminated against plaintiff on the basis of his race and/or national origin in the terms and conditions of his employment, and engaged in a pervasive and/or pattern of race and/or national origin discrimination and harassment in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq, by the following acts and/or tangible employment actions:

a. Transferring plaintiff from the Corporate Accounting Department and demoting plaintiff to a blue collar job in the segregated Facilities Department, where his job duties are comprised of menial labor including but not limited to cleaning bathrooms, restocking toilet paper and paper towels in the bathrooms, cleaning the three IFS kitchens, emptying garbage, restocking 80 or more cases of soda every few weeks, delivering boxes of paper to the various printers and fax machines at IFS with a hand truck, regularly assembling and stacking almost one hundred cartons of files for storage, and delivering mail to various departments, bringing the Company's mail to the post office at Rockefeller Center and working as a messenger to bring hand delivery mail to other locations, and getting breakfast or lunch foods for Thomas Grizzetti, the Acting CEO, and his business associates when they have meetings in the morning or afternoon;

b. Replacing plaintiff in Corporate Accounting with a person who is neither Black nor of Mali or African origin with less education, training and relevant experience, whom he helped to train;

c. failing to properly investigate plaintiff's claims and take prompt and effective remedial action;

d. failing to pay plaintiff overtime and benefits, including but not limited to health insurance, paid holidays and paid vacation leave;

e. cutting plaintiff's hours of work, thereby reducing his wages and depriving him of overtime pay;

f. twice adversely changing plaintiff's schedule, to his detriment;

g. singling plaintiff out to take away the internet access on his work computer, claiming there was a virus;

h. failing to pay him a Company wide wage increase;

i. conditioning restoration to a full time work schedule with a wage increase and benefits upon plaintiff's written acceptance, condonation and/or ratification his unlawful demotion and transfer to the segregated Facilities Department;

j. creating a hostile work environment; and

k. creating pretexual reasons for its adverse employment actions taken against plaintiff.

53.  Defendant IFS, as plaintiff's employer acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

54.  Defendant State Street discriminated against plaintiff on the basis of race, by failing to properly investigate his claims and take prompt and effective remedial action and/or by directing and authorizing the tangible employment actions of IFS against plaintiff and/or by sanctioning, condoning and/or implicitly ratifying the discriminatory behavior of defendant IFS in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

55.  Defendant State Street acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

56.  Plaintiff is now suffering irreparable injury, monetary damages and damages for mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

**SECOND CLAIM**
**(Title VII - Retaliation)**

57.   Paragraphs 1 through 56 are re-alleged and incorporated by reference as if fully set forth herein.

58.   Defendant IFS as plaintiff's employer retaliated against plaintiff on the basis of race and/or national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u> by discriminating, harassing and/or retaliating against plaintiff in the terms and conditions of his employment, because of his race and/or national origin, and/or because he opposed defendant's unlawful discriminatory practices by, <u>inter</u> <u>alia</u>,

a. failing to properly investigate plaintiff's claims and take prompt and effective remedial action;

b. failing to pay plaintiff overtime and benefits, including but not limited to paid holidays, paid vacation leave and health insurance;

c. cutting plaintiff's hours of work, thereby reducing his wages and depriving him of overtime pay;

d. twice adversely changing plaintiff's schedule, to his detriment;

e. singling plaintiff out to take away the internet access on his work computer, claiming there was a virus;

f. failing to pay him a Company wide wage increase;

g. conditioning restoration to a full time work schedule with a wage increase and benefits upon plaintiff's written acceptance, condonation and/or ratification his unlawful demotion and transfer to the segregated Facilities Department;

h. creating a hostile work environment; and

i. creating pretexual reasons for its adverse employment actions taken against plaintiff.

59.  Defendant IFS as plaintiff's employer acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

60.  Defendant State Street retaliated against plaintiff on the basis of race and/or national origin in the terms and conditions of his employment, by failing to properly investigate his claims and take prompt and effective remedial action, by directing and authorizing the tangible employment actions taken by defendant IFS against plaintiff after he informed State Street of IFS's discriminatory acts and/or by sanctioning, condoning and/or implicitly ratifying the retaliatory behavior of defendant IFS in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

61.  Defendant State Street acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

62.  Plaintiff is now suffering irreparable injury,  monetary damages and damages for mental anguish and humiliation and will continue to do so as a result of defendants' unlawful practices unless and until this Court grants relief.

## THIRD CLAIM
### (42 USC §1981)

63.  Paragraphs 1 through 62 are re-alleged and incorporated by reference as if fully set forth herein.

64.  By the foregoing acts, defendants IFS and State Street have discriminated and retaliated against plaintiff in the performance and modification of the employment contract, and in the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between plaintiff and defendants, on the basis of his race, in violation of  42 U.S.C. §§ 1981 et seq.

## FOURTH CLAIM
### (Fair Labor Standards Act)

65.  Paragraphs 1 through 64 are re-alleged and incorporated by reference as if fully set forth herein.

66.  In the course of plaintiff's employment by defendant IFS performing clerical duties in the Corporate Accounting Department, plaintiff regularly worked more than 40 hours in a single workweek, for which he was entitled to be paid at the overtime rate of time and a half of his regular rate of pay.

67.  During this period, plaintiff's regular hourly rate of pay was $15.00 per hour, and his overtime rate at the rate of time and a half was $22.50 per hour.

68.  Plaintiff was paid bi-weekly which often reflected 80 hours; however, he was periodically assigned to work less than forty hours in one week of the pay period and to work more than forty hours in the other week of the pay period.  At such times, defendant averaged the hours worked by plaintiff over the two week pay period, without paying plaintiff overtime at the rate of time and a half for the single work weeks in which he worked in excess of forty hours.

69.  On the occasions that plaintiff worked in excess of 80 hours in a two week payroll period, he was paid at his straight time regular hourly rate for all hours worked in excess of 80 hours in a two week payroll period.

70.  During the period that plaintiff worked in the Corporate Accounting Department, and during the period that plaintiff worked more than 40 hours per week in the Facilities Department before his hours were cut, defendant failed and/or refused to pay wages that were due to plaintiff at the rate of time and a half of the regular hourly

rate at which he was employed for services rendered to defendant IFS in excess of a 40 hour work week.

71.  By such actions, defendant IFS has violated §207(a) of FLSA.

**FIFTH CLAIM**
**(Fair Labor Standards Act)**

72.  Paragraphs 1 through 71 are re-alleged and incorporated by reference as if fully set forth herein.

73.  The failure and/or refusal by defendant IFS to pay plaintiff overtime for services rendered to defendant in excess of a 40 hour  work week during the period that plaintiff worked in the Corporate Accounting Department, and during the period that plaintiff worked more than 40 hours per week in the Facilities Department before his hours were cut, was willful.

74   By defendant IFS' failure and refusal to pay plaintiff overtime at the rate of time and a half for hours worked in excess of 40 hours in a regular work week, plaintiff is entitled to be paid liquidated damages pursuant to 216(b) of the Act.

75.  By defendant IFS' failure and refusal  to pay plaintiff overtime at the rate of time and a half for hours worked in excess of 40 hours in a regular work week, plaintiff is entitled to be paid and attorney's fees pursuant to  216(b) of the Act.

**SIXTH CLAIM**
**(State Human Rights Law - Discrimination)**

76.   Paragraphs 1 through 75 are re-alleged and incorporated by reference as if fully set forth herein.

77.  By the foregoing acts and tangible employment actions, defendants IFS and State Street discriminated against plaintiff on the basis of his race and/or national origin

in the terms and conditions of his employment, and engaged in a pervasive and/or pattern of race and/or national origin discrimination and harassment in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

78.  As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer loss of tangible job benefits and economic harm unless and until this Court grants relief.

79.  As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

## SEVENTH CLAIM
### (State Human Rights Law - Discrimination)

80.  Paragraphs 1 through 79 are re-alleged and incorporated by reference as if fully set forth herein.

81.  By the foregoing acts, defendants IFS and State Street have retaliated against plaintiff because of his race and/or national origin, by altering the terms, conditions and/or privileges of plaintiff's employment in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

82.     As a result of defendants' retaliatory acts, plaintiff has suffered and will continue to suffer loss of tangible job benefits and economic harm unless and until this Court grants relief.

83.  As a result of defendants' retaliatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

## EIGHTH CLAIM

**(Administrative Code - Discrimination)**

84.  Paragraphs 1 through 83 are re-alleged and incorporated by reference as if fully set forth herein.

85.  By the foregoing acts and conduct, defendants IFS and State Street have discriminated against plaintiff in the terms and conditions of his employment in violation of §8-107 of the New York City Human Rights Law.

## NINTH CLAIM
**(Administrative Code - Retaliation)**

86.  Paragraphs 1 through 85 are re-alleged and incorporated by reference as if fully set forth herein.

87.  By the foregoing acts and conduct, defendants IFS and State Street have discriminated against plaintiff in the terms and conditions of his employment in violation of §8-107 of the New York City Human Rights Law.

## TENTH CLAIM
**(Violation of New York Labor Law)**

88.  Paragraphs 1 through 87 are re-alleged and incorporated by reference as if fully set forth herein.

89.  As result of the failure and/or refusal to pay wages that were due to plaintiff at the rate of time and a half of the regular hourly rate at which he was employed, every week that plaintiff worked in the course of his employment in excess of a 40 hour work week, defendant IFS violated the Labor Law of the State of New York and specifically violated Article 19, Sections 650 and 656 of the Minimum Wage Act of the State of New York and Title 12 of the New York Code, Rules and Regulations, Section 142-2.2 (Miscellaneous Wage Order).

90.  As a result of such actions by defendant IFS, there are due and owing unpaid wages to plaintiff.

## ELEVENTH CLAIM
### (Violation of New York Labor Law)

91.  Paragraphs 1 through 90 are re-alleged and incorporated by reference as if fully set forth herein.

92.  Between the period of May, 2004 through the present, plaintiff was and should continues to be entitled to health insurance benefits, holiday pay, accrued paid vacation leave and such other benefits as are conferred upon defendant IFS's employees.

93.  Defendant IFS has failed and/or refused to pay plaintiff wages within the meaning of Section 190(1) of the New York Labor Law for health insurance benefits, holiday pay, accrued paid vacation leave and such other benefits as are conferred upon defendant IFS's employees.

94.  By such actions, defendant IFS violated Article 6 of New York Labor Law.

95.  As result of such actions by IFS, there is due and owing to plaintiff  holiday pay,  accrued paid vacation leave and the monetary equivalent of health benefits and such other benefits as are conferred upon defendant IFS' employees for the period from May 2004 through the present and continuing.

## TWELFTH CLAIM
### (Violation of New York Labor Law)

96.  Paragraphs 1 through 95 are re-alleged and incorporated by reference as if fully set forth herein.

97.  The above-mentioned failure, neglect and/or refusal of defendant IFS to pay wages under Section 190(1) of the New York Labor Law for work performed by

plaintiff in excess of 40 hours in a work week during the period between approximately May 15, 2004 through the present was willful.

98.  By its willful failure to pay wages,  inclusive of overtime payments, defendant IFS is liable for costs, attorney's fees and liquidated damages in the amount of 25% of unpaid wages pursuant to § 198(1) and (1-a), Article 6, New York Labor Law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment against defendants as follows:

On all claims:

(i)      an order declaring that the acts and practices complained of herein are in violation of Title VII, §1981, Fair Labor Standards Act, the Human Rights Law, the Administrative Code and New York Labor Laws;

(ii)     enjoining and permanently restraining these violations of Title VII, §1981, the Fair Labor Standards Act, the Human Rights Law, the Administrative Code and New York Labor Laws;

(iii)    directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(iv)     directing defendant to place plaintiff in the position he would have continued occupying but for the defendants' retaliatory treatment of him;

(v)      granting such other further relief as this Court deems just and proper and, in addition;

On the each of the First and Second Claims:

(a)      an award of compensatory and/or punitive damages pursuant to Title VII of the Civil Rights Act of 1964 in an amount not to exceed Five Hundred Thousand Dollars ($500,000) against defendants;

(b)      an award of back pay, including paid holidays, paid vacation leave, sick leave, health insurance benefits, pension benefits including 401k contributions, raises, promotions, bonuses and all other benefits to which plaintiff would have been entitled; and

(c)      an award of reasonable attorneys' fees.

On the Third Claim:

(a)      an award of compensatory damages against defendants;

(b)      an award of punitive damages against defendants;

(c)      an award of back pay, including paid holidays, paid vacation leave, sick leave, health insurance benefits, pension benefits including 401k contributions, raises, promotions, bonuses and all other benefits to which plaintiff would have been entitled; and

(d)      an award of reasonable attorneys' fees.

On the Fourth Claim:

(a)      an award of overtime wages for hours worked in excess of a 40 hour regular work week due to plaintiff; and

(b)      an award for pre-judgment interest.

On the Fifth Claim:

(a)  an award for liquidated damages; and

(b)  an award for the costs of this action and attorney's fees, pursuant to

Section 216, 29 U.S.C. §216.

On each of the Sixth and Seventh Claims:

(a)   an award of compensatory damages in the amount of One Million Dollars ($1,000,000).

On each of the Eighth and Ninth Claims:

(a)   an award of compensatory damages in the amount of One Million Dollars($1,000,000);

(b)   an award of punitive damages in the amount of One Million Dollars($1,000,000);

(c)   an award of back pay, including paid holidays, paid vacation leave, sick leave, health insurance benefits, pension benefits including 401k contributions, raises, promotions, bonuses and all other benefits to which plaintiff would have been entitled; and

(d)   an award of reasonable attorneys' fees.

On the Tenth, Eleventh and Twelfth Claims:

(a)   an award for overtime wages for hours worked in excess of a 40 hour regular work week;

(b)   an award for holiday pay due and owing to plaintiff;

(c)   an award for vacation pay due and owing to plaintiff;

(d)   an award for all other benefits, or the monetary equivalent thereof, due and owing to plaintiff;

(e)   an award for liquidated damages;

(f)   an award for pre-judgment interest; and

(g)    an award for the costs of this action and attorney's fees pursuant to

198(1) and (1-a), Article 6, New York Labor Law.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff

demands a trial by jury in this action.


Dated:        New York, New York
                 March 30, 2006

                                         THE LAW OFFICES OF
                                         GAIL I. AUSTER & ASSOCIATES


                                         By:_____
                                         Gail I. Auster (GA-8428)
                                         Attorneys for Plaintiff
                                         910 West End Avenue, Suite 1A
                                         New York , New York 10025
                                         (914) 707-4000

21